**Lorenzo Riquelme INES;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 06–70582.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Lorenzo Riquelme Ines, Corona, CA, pro se.

Margarita Vidal, Corona, CA, pro se.

Irving Riquelme, Corona, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Lorenzo Riquelme Ines, Margarita Vidal, husband and wife, and their son Irving Riquelme, natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals denying their motion to reopen the underlying denial of their application for cancellation of removal. The BIA denied the motion based on its conclusion that petitioners were barred from applying for cancellation of removal by 8 U.S.C. § 1229c(d) because they remained in the United States beyond the expiration of the period for voluntary departure, and the petitioners filed their motion after the expiration of the voluntary departure period.

Petitioners challenge the underlying BIA decision which affirmed the immigration judge's denial of petitioners' application for cancellation of removal based on their failure to establish exceptional and extremely unusual hardship to their qualifying United States citizen relatives.

The petitioners' opening brief fails to address how the BIA erred in denying their motion to reopen on the basis that their voluntary departure period had expired, making them ineligible for cancellation of removal. The petitioners have thereby waived any challenge to the only decision before us. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding that issues not raised in a party's opening brief are waived).

Moreover, even if we were to review the BIA's decision, we would conclude that the BIA did not abuse its discretion in denying the motion to reopen because petitioners' failure to timely file the motion to reopen before the expiration of their voluntary departure period rendered them statutorily ineligible for discretionary relief. *See de Martinez v. Ashcroft,* 374 F.3d 759, 763 (9th Cir.2004).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the extent that petitioners challenge the BIA's underlying order, we lack jurisdiction because the petition for review is not timely as to that order. *See Martinez–Serrano*, 94 F.3d at 1258.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.